UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PHILIP S. MCWILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:16-cv-419 |
| | ) | REEVES/SHIRLEY |
| ANDREW RAYBORN, MARK NOTTAGE, WAYNE PATTERSON, and SEVIER COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 3]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983. Accordingly, Plaintiff's pending motions [Docs. 7, 8, and 9] will be **DISMISSED**.

**I.     Filing Fee**

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**.

Because Plaintiff is an inmate in the Northwest Correctional Complex ("NCCX"), he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment,

whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Memorandum and Order to the Warden of NCCX, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prisoner Litigation Reform Act relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

## II.     Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. Allegations of the Complaint

In his complaint, Plaintiff alleges that on March 3, 2013, Defendants came to his home for a "wellness check" due to a call from a third party [Doc. 2 p. 3–4]. Plaintiff asserts that while Defendants were at his home, they interrogated Plaintiff's wife, bullied Plaintiff's father, interrogated Plaintiff, demanded entry into the home, ransacked a room, and attacked and tazed Plaintiff [*Id.* at 4]. Plaintiff states that officers apologized to him after this attack and stated that they thought that he was someone else, but that Defendant Officer Rayborn told him that he had to make up a charge against Plaintiff to cover the officers [*Id.* at 5]. According to Plaintiff, Officer Rayborn told him that he would not show up at court for this charge and that the charge would be dropped [*Id.* at 5], but Defendant Rayborn did pursue the charge [*Id.* at 2].

### IV. Legal Analysis

First, all of Plaintiff's claims arising out of the allegedly improper behavior of Defendants before and/or during the incident on March 3, 2013, are time-barred. Under the prisoner "mailbox

3

rule," a prisoner complaint is deemed filed on the day the plaintiff signed the complaint. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary). Thus, Plaintiff's complaint is deemed filed on June 11, 2016, the date on which it was signed [Doc. 2 p. 7]. As set forth above, however, the complaint alleges that the events set forth therein occurred on March 3, 2013 [*Id.* at 3]. District courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). In Tennessee, a one-year statute of limitations is applicable to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3). Accordingly, the claims in Plaintiff's complaint, signed June 11, 2016, arising out of an alleged incident on March 3, 2013, are time-barred.

Further, to the extent Plaintiff seeks to hold any Defendant liable for a criminal conviction arising out of the incident set forth in the complaint, the complaint fails to state a claim, as Plaintiff has not alleged that the conviction has been reversed of otherwise invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*; *see also Norwood v. Mich. Dep't of Corrs.,* 67 Fed. App'x 286, 287 (6th Cir. 1994) (holding that a claim that defendants conspired to revoke a plaintiff's parole "necessarily implies the invalidity of his confinement" and is therefore governed by the abstention doctrine set forth in *Heck*). Accordingly, *Heck* compels dismissal of any claim arising out of any underlying conviction of Plaintiff based on the events in the complaint.

Likewise, to the extent Plaintiff asserts a claim arising out of any criminal charges currently pending against him as a result of the event underlying the complaint, any such claim is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* provides that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests and the plaintiffs have an adequate opportunity to raise their challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499–504 (1974). Plaintiff has not set forth any facts suggesting that the limited exceptions to this doctrine, all of which are interpreted narrowly, apply in this case. *See Zalman v. Armstrong*, 802 F. 2d 199, 205–06 (6th Cir. 1986); *Younger*, 401 U.S. 46, 53–54.

### V. Conclusion

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). Accordingly, Plaintiff's pending motions [Docs. 7, 8, and 9] will be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**