# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

PHILIP S. MCWILLIAMS,     )
     )
     Plaintiff,     )
     )
v.     )     No.  3:16-CV-00419
     )     REEVES/SHIRLEY
ANDREW RAYBORN, MARK     )
NOTTAGE, WAYNE PATTERSON,     )
and SEVIER COUNTY SHERIFF'S     )
DEPARTMENT,     )
     )
     Defendants.     )

## MEMORANDUM AND ORDER

This is a pro se prisoner's complaint for relief filed pursuant to 42 U.S.C. § 1983. This matter is before the Court upon Plaintiff's filing of a motion to reopen this case [Doc. 12]. For the reasons set forth below, this motion [Doc. 12] will be **DENIED**.

On June 2, 2017, the Court entered a memorandum opinion screening Plaintiff's complaint and finding that the claims therein were time-barred and/or barred for other reasons [Doc. 10 p. 3–4]. Accordingly, the Court found that the complaint failed to state a claim upon which relief may be granted under § 1983 and entered an order dismissing this matter [*Id.* at 3–5; Doc. 11].

In his motion to reopen this case [Doc. 12], which the Court liberally construes as seeking relief under Rules 59(e) and/or 60(b) of the Federal Rules of Civil Procedure, Plaintiff's only ground for seeking to reopen this case is his assertion that he has not been able to speak with counsel about the case and was not aware of the statute of limitations for his claims [*Id.* at 1]. Plaintiff also sets forth a number of assertions regarding, *inter alia*, a statute of limitations that allows a thirteen year old case to proceed against Bill Cosby, a biased legal system, collusion

between the courts and law enforcement agencies, abuse of power, tyranny, oppression, retaliation, and corruption [Doc. 12 p. 1–5].

First, Plaintiff's lack of knowledge of the applicable statute of limitations is insufficient to justify tolling of the statute of limitations. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding that "'ignorance of the law alone is not sufficient to warrant equitable tolling'") (quoting *Rose v. Dole*, 945 F.3d 1331, 1335 (6th Cir. 1991).

Moreover, none of Plaintiff's other allegations show that Plaintiff is entitled to relief under Rule 59(e) or Rule 60(b), as they does not set forth a clear error of law, an intervening change in law, manifest injustice, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. *See Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 494 F. App'x 561, 568 (6th Cir. 2012) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479 (6th Cir. 2006)) and Fed. R. Civ. P. 60(b).

Accordingly, Plaintiff's motion to reopen this case [Doc. 12] is **DENIED**.

**SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**